[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14097
This is a complaint in three counts against United Business Associates and Robert Dugas. Count one is against Robert Dugas for the cost of legal services rendered him. Count two also against Robert Dugas claims unjust enrichment. Count three is against United Business Associates, Inc. and Robert Dugas claiming joint liability for legal services rendered. The defendant corporation was defaulted on July 12, 1999 (Freed, J.) for failure to appear and judgment entered against United Business Associates, Inc. in the amount of $3,191.25.
The remaining defendant, Robert Dugas denies personal responsibility for the debt asserting the debt is a corporate debt and that he as an officer of the corporation is not liable. The facts are as follows. In June of 1996 the defendant Dugas met with the plaintiff and retained his services to set up a corporation. A statement had been prepared in advance by the Plaintiff.
The statement reads as follows:
Outline of Fees for Legal Services.
"Normal Hourly fee is $165.00 per Hour.
Proposed fee Structure for Legal Services, this Corporate Venture.
5% of Stock — Director (Corporate Counsel)
$2,000.00 — Retainer
Hourly Billing at the Rate of $125.00.
 $75.00 per Hour Billed against Retainer of $2,000.00. Billings in excess of $2,000.00 payable within 30 days of Statement.
 $50.00 per Hour Deferred Billing. Payment by the Corporation will be deferred for 3 years. At the end of 3 years payment will be due in full.
Legal Services to be included (but not limited to):
Preparation, administration and filing Incorporation Papers.
Draft and Execution of Distributor/Business CT Page 14098
Opportunity Contracts
Disclosure Statements
Banking Commission Filing
State of Connecticut Filing
Contract Negotiation and Revision (When necessary)"
Though the statement calls for a retainer of $2,000.00 the plaintiff at trial submitted a copy of the statement showing the $2,000.00 figures changed to $1,000.00. Billings submitted into evidence reflect the $1,000.00 initial payment figure. A carbon copy of a numbered receipt dated July 1, 1996 shows the amount of $1,000.00, received from Robert Dugas for initial retainer. The defendant did not have a copy of his receipt arguing that the statement showed a figure of a $2,000.00 retainer and that that is what he paid.
On the issue of whether a retainer of $2,000.00 or $1,000.00 was received by the plaintiff this court finds more persuasive the billings which all reflected the $1,000.00 payment as well as the receipt which also reflected a $1,000.00 payment.
On the issue of whether or not the defendant can be held liable for the balance of the bill for legal services rendered by the Plaintiff to the corporation, the Plaintiff has alleged in count three that the corporation operated as a mere sham and as a minus to avoid payment of the obligations of the corporation; that the defendant Dugas removed large sums of money from the corporate account and converted these to his own use; and that the actions of defendant Dugas were intended to hinder or defraud the Plaintiff and other creditors of the defendant corporation by depleting the accounts of the corporation.
Other than to restate in his testimony the claims made by him in count three, the plaintiff presented no other evidence as to the defendant Dugas's course of conduct. It is undisputed that a corporation was formed; that it had officers and a Board of Directors; that it had had its incorporation papers approved by the office of the Secretary of State in April 8, 1997; and, that there was as to the undertaking the requisite Banking Department determination of statutory compliance. When the Plaintiff withdrew from any further activity with the corporation in July, 1997 it was still a going operation. It subsequently became insolvent.
The corporation was billed for services rendered by the Plaintiff. The CT Page 14099 December 31, 1996 statement to the defendant corporation was in the amount of $2,280.00 less the $1,000.00 retainer, for a balance of $1,280.00. The March 6, 1997 statement to the defendant corporation showed a balance of $1,403.75. The statement to the corporation dated August 4, 1997 showed a prior balance of $1,403.75, an additional amount of $3,060.00 for services for the period February 17, 1997 through July 31, 1997, less payments received of $1,280.00, leaving a balance due of $3,183.75.
On the facts found the court concludes that the $3,183.75 is a corporate debt for which the defendant Robert Dugas is not responsible. The Plaintiff has failed to prove by a preponderance of the evidence that the corporate veil should be pierced there being no evidence presented that would support the claim that United Business Associates, Inc. is a corporation in name only, that it had no separate mind or will and was a mere front for the defendant Robert Dugas. Accordingly, judgment may enter in favor of the defendant Robert Dugas as to counts one, two and three.
Hennessey